Keola Nathan Kanae - A5010358
Name and Prisoner/Booking Number

Saguaro Correctional Center
Place of Confinement

1252 East Arica Road
Mailing Address

Eloy Arizona 85131
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

| | |
|---|---|
| ☑ FILED ___ LODGED | |
| ___ RECEIVED ___ COPY | |
| JAN 2 1 2022 | |
| CLERK U S DISTRICT COURT | |
| DISTRICT OF ARIZONA | |
| BY ___ DEPUTY | |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

Keola Nathan Kanae,
For himself and others' similarly situated,

        Plaintiffs.

v.

(1) Max N. Otani,
(Full Name of Defendant)

(2) Core Civic,

(3) _____,

(4) _____,

    Defendant(s).

☒ SEE, "PLAINTIFFS", Page 1A-1B

CASE NO. **CV22-00113-PHX-ROS--ESW**
(To be supplied by the Clerk)

**CLASS ACTION**
**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

"JURY TRIAL DEMANDED"

☒ Original Complaint;
☐ First Amended Complaint
☐ Second Amended Complaint

☒ Separate, Motion for Certification of Class.

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Saguaro Correctional Center/ Eloy, Arizona.

Revised 3/11/16

**550/555**

PLAINTIFFS'

## 1. THE REPRESENTATIVE PARTY

Keola Nathan Kanae ("Kanae"), brings this class action Pursuant to rule 23 of the Fed. R. Civ. P., on behalf of himself and all others Similarly Situated ("The class").[1]

## 2. THE CLASS

Class members are those similarly situated, by definition as follows:

(a)    State of Hawaii Inmates', currently housed at Core Civ.c's Saguaro Correctional Center ("SCC"), in Eloy, Arizona, under Contract between the Hawaii Department of Public Safety ("DPS"), and Core Civic;

(b)    who were transferred to SCC within a year to their Possible Parole date, and/or who are currently housed at SCC with less than a year to their next possible parole date;

(c)    who were required by the Hawaii Paroling Authority ("HPA"), to complete reentry programs to be eligible for Parole, on their said Parole date; and

---

[1]    Kanae estimates the Proposed class to be numbered anywhere between (25) and (100).

1A

(d)    who are currently Participating in — and/or are recommended to participate in — the Special Housing Incentive Program ("SHIP").[2]

---

[2]    The SHIP is a behavior modification program, located in the Special housing unit ("SHU") of SCC.

1B

## B.  DEFENDANTS

1.  Name of first Defendant: _Max N. Otani_ . The first Defendant is employed
as: _Director_ at _Hawaii Department of public Safety_ .
(Position and Title)                                    (Institution)

2.  Name of second Defendant: _Core Civic_ . The second Defendant is employed as:
as: _A Maryland Corporation_ at _Saguaro Correctional Center_ .
(Position and Title)                                    (Institution)

3.  Name of third Defendant: _____ . The third Defendant is employed
as: _____ at _____ .
(Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____ . The fourth Defendant is employed
as: _____ at _____ .
(Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☒ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _3_ .   Describe the previous lawsuits:

    a.  First prior lawsuit:
      1.  Parties: _Keola Nathan Kanae_ v. _Calvin Mock, et al_
      2.  Court and case number: _Hawaii District Court, CV-20-00562 HG/KJM_
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Still Pending._

    b.  Second prior lawsuit:
      1.  Parties: _Keola Nathan Kanae_ v. _Corrections Corp of America, et al_
      2.  Court and case number: _Arizona District Court, CV-08-1137-PHX-ROS_
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Settled._

    c.  Third prior lawsuit:
      1.  Parties: _Kanae_ v. _Hodson, et al._
      2.  Court and case number: _Hawaii District Court, CV-02-00399 SOM/LEK_
      3.  Result: (Was the case dismissed?  Was it appealed?  Is it still pending?) _Settled._

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: *United States Constitution, fourteenth Amendment, Section 1, due process*.

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: *State Created liberty*.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   *( SEE, Pages 3A through 3H, attached)*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   *( SEE, Page 3H, attached)*

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?     ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?     ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

3. SUPPORTING FACTS

a. KANAE

On May 06, 2020, while detained at Halawa Correctional Facility ("HCF"), in Aiea, Hawaii, Kanae was formally returned to the custody of DPS, for a violation of his parole.

In rendering their decision, the HPA **SENTENCED** Kanae to one year in prison — requiring that he complete several reentry programs during that year — setting his possible parole date for April 23, 2021.

On August 06, 2020, Core Civic **SELECTED** Kanae to be transferred from HCF to their SCC.

After arriving at SCC, Kanae was placed in the SHU and informed that he would first have to complete the SHIP, before he could be placed to general population ("GP"), where he would then have access to his parole required reentry programs.

On April 23, 2021, Kanae attended his parole hearing, at which he was denied parole for not completing his required reentry programs.

In rendering their decision, the HPA ordered Kanae's next possible parole date in March of 2022, and again required that he complete his reentry programs, in order to be [e]ligible for parole at that time.

Kanae is currently still in the SHU, unable to enroll in any GP reentry Programs, pending completion of the SHIP.

3A

## b. THE CLASS

The Defendants' have acted and/or refused to act, on grounds that apply generally to the class, as well as to Kanae.

The claims or defenses of Kanae are typical of the claims or defenses of the class.

There are questions of law or fact common between Kanae and the class.

The class is so numerous that joinder of all members is impracticable.

Kanae will fairly and adequately protect the interests of the class.

## C. FOURTEENTH AMENDMENT CLAIM

### 1. STATE CREATED LIBERTY INTEREST

Hawaii Revised Statutes ("HRS"), Section ("§"), 353H-7, States:

> "The Director of Public Safety shall
> return Hawaii Inmates held in
> Out-of-State Prisons at least one
> year prior to the Inmates [P]arole
> or release date, in order for these
> Inmates to participate in programs
> preparing them for reentry on the
> Island where they have the most

3B

Support, Provided that Inmates
Participating in reentry programs at
the mainland facility in which they
are incarcerated consent to the
return".

In enacting this law, Hawaii Legislature consciously
and deliberately bestowed upon the class, a right to be
housed in Hawaii — within a year to their possible
Parole date — with access to reentry programs.
Once Hawaii Legislature created this "liberty interest",
the United States Constitution — Section one of the
fourteenth Amendment — stepped in to protect against
deprivations without proper due process.

## 2. DEPRIVATION

## I. CORE CIVIC

    Based on the said liberty bestowed upon the class,
Core Civic has violated the fourteenth Amendment, by
[S]electing them to be transferred to SCC, within a year to
their Possible parole date, without proper due process.
Paragraph 29, of the contract between DPS and core Civic,
States : " The DPS Shall defend itself in connection with
Civil actions filed... challenging the authority of the state
to transfer Inmates to Saguaro; PROVIDED THAT CORE CIVIC

3C

REMAINS RESPONSIBLE FOR CLAIMS INVOLVING THE 'SELECTION' OF INMATES".

## II. MAX N. OTANI

Based upon the said liberty interest bestowed on the class, Max N. Otani (The Director of DPS) has violated the fourteenth Amendment, by not returning the class to Hawaii, within a year of their possible parole date, without proper due process.

## 3. ATYPICAL AND SIGNIFICANT HARDSHIP

I. Their incarceration at SCC, has subjected the class to conditions that INVARIABLY affected, and/or affects, the duration of their sentences':

(i) All class members are within a year of their possible parole dates'. To be eligible for parole, on that date, they must first complete their required reentry programs.

Presently, all class members are housed in the SHU at SCC. For them to be placed from the SHU to GP — where they can complete their required reentry programs, to become eligible for parole — they must first complete the SHIP. Completion of the SHIP takes a minimum of eighteen months', or can last as long as several years.

3D

THE SHIP DOES NOT EXIST IN HAWAII. If the class was to be returned to Hawaii, at this moment, they would be directly placed to GP and have immediate access to reentry programs.

Core Civic uses the SHIP as a tool for financial gain...
When Core Civic recognizes that an Inmate is within a year of their possible Parole date — but must still complete his reentry programs — Core Civic Places him into the SHIP[3] — where no reentry programs are available — which disqualifies the Inmate from being granted parole and ensures that he remains at SCC for atleast another thirty-three months, thereby Profiting Core Civic an extra $79,200.00, at about $80.00 per diem.

II.    In addition to the facts stated supra, Class members are also being Subjected to the following conditions-of-confinement, caused by their continued incarceration in Arizona, and which they would not experience if returned to Hawaii:

_____

[3]  Placement criteria for SHIP is vague and within the full discretion of Core Civic Administration.

3E

(i)     While in the SHIP, class members' are forced to live in the same cell with other inmates', most of which are rival gang members.[4]  They are confined to these cells for 21 to 22 hours per day — five days per week, and 24 hours per day — two days per week.

(ii)    During the five days per week that class members are permitted to leave their cells, outdoor recreation is limited to a recreation yard infected with Valley fever.[5]

(iii)   A light remains on in their cell at all times, though sometimes dimmed, if they attempt to shield the light to sleep, they will be subjected to disciplinary actions.

---

[4]  Nearly all participants of the SHIP, are either active gang members or prospective gang members. Numerous assults have occured between rival gang members "forced to live together" in the SHIP. Some while the other inmate was in handcuffs.

[5]  Valley fever is an infection caused by fungus known to live in the soil in the southwestern united states.  See, Center for Disease control, Valley fever, https://www.cdc.gov/fungal/diseases/coccidioidomycosis/index.html

3F

(iv)    Class members are deprived of almost all other human contact; their visits and Phone calls are also limited and/or restricted.


(v)    At SCC, Class members are being Subjected to the collection of an ILLEGAL tax.

Based on the location of SCC, in Eloy Arizona, the combined Sales tax is 10.2%, which is comprised of three Seperate taxes — 5.6% State Sales tax, 3.0% City Sales tax, and 1.6% County Sales tax.

Although the combined Sales tax in Eloy Arizona is 10.2%, there is no State or County Sales tax on any food items Sold, therefore food items Sold, are only Supposed to be Subjected to the 3.0% City Sales tax.

Irrespective to this, SCC has been collecting the combined State, City, and County Sales tax, on food items Sold from the facility Commissary, for nearly Sixteen years.


## 4.  PROCESS DUE


Core Civic, and Max N. Otani, deprived class members of their said liberty interest, which imposed and continues to impose the said atypical and Significant hardships upon the class. This deprivation was committed without proper due process. The process which the class

3G

asserts they are entitled to and was not afforded, is, (but is not limited to):

I.   "Repeal of Statute". In order for the Defendants' to deprive Plaintiffs' of the liberty interest bestowed upon them by HRS § 353H-7(a), Defendants' must first terminate the effect of the Statute as existing law. That is, they must challenge the Statute in Court.

II.   Minimal Procedural gaurantees, as established by this Court, in this case, to protect against future deprivations of the same liberty interest.

## 4. INJURY

a.   Deprivation of liberty, without due process, resulting in Subjection to Conditions-of-confinement that rise to the level of atypical and significant hardship.

b.   Loss of liberty to participate in reentry programs — "in order to become ELIGIBLE for parole" —— resulting in the following:

1.  Extended Sentences;

2.  Disqualification from being granted Parole.

3H

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
     _____.

2.   **Count II.**  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
     ☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
     ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____
     _____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
     _____
     _____
     _____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes      ☐ No
     b.   Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
          _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one.**  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?            ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.  REQUEST FOR RELIEF

State the relief you are seeking:  ( SEE , Pages 6A through 6B, attached)

_____

_____

_____

_____

_____

### F.  DECLARATION OF KANAE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _October 13TH, 2021_           _Keola N. Kanae_
                DATE                         SIGNATURE OF PLAINTIFF


_Not applicable_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_Not applicable_____
(Signature of attorney, if any)


_Not applicable_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

## E. REQUEST FOR RELIEF

## 1. DECLARATORY

(a)    Core Civic.  Declare — based on HRS § 353H-7(a) — it is illegal to select and transfer Hawaii Inmates to SCC, who are within a year of their possible parole date, or max-out date.

(b)    Max N. Otani.  Declare — based on HRS § 353H-7(a) — it is illegal not to return Hawaii Inmates from out-of-State, who are within a year of their possible parole date, or max-out date.

## 2. INJUNCTIVE

(a)    An order, directing Core Civic, to cease all future "selecting" of Hawaii Inmates, to be transferred to SCC, who are within a year of their possible parole date, or max-out date.

(b)    An order, directing Max N. Otani, and/or the State of Hawaii Department of Public Safety, to return all Inmates to Hawaii, who are within a year of their possible parole date, or max-out date.

## 3. MONETARY

6A

(a)    Reimbursement of cost and fees, including Attorney fees.

(b)    Any other relief later sought by Plaintiffs', at trial. (As limited by rule 23 of the fed R. civ. P.).


4.    Any further relief that Plaintiffs' may be entitled to, and/or that this Honorable Court deems appropriate and Just.

6B